*559 Petitioners in both habeas corpus proceedings argue on appeal that the court below lacked the authority to order them to pay the fees of the attorneys for the subject children. Petitioners were directed to pay the disputed fees by the orders appointing the attorneys for the children. Petitioners did not move to vacate the orders and even made partial payments of the attorneys’ fees pursuant to the court’s directives. Petitioners voiced no challenge to the court’s authority to direct payment until months later when the attorneys for the children had already rendered their services and Douglas made motions for orders directing the payment of her outstanding fees in proceeding No. 1. To be sure, petitioners in proceeding No. 1 (Philip Danishefsky and Peggy Danishefsky) consented to one of the orders that directed fiirther payment of the fees. We find that it was incumbent on petitioners to make their present objections known to the court before the attorneys rendered services in reliance on their acquiescence. Petitioners are therefore estopped from making the arguments they now make on appeal (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]). We have considered petitioners’ remaining arguments for affirmative relief in both proceedings and find them unavailing.
Unlike the judgments before us, the orders issued in both proceedings are not appealable as of right because they did not decide motions on notice (CPLR 5701 [a] [2]). However, in the interest of judicial economy, we nostra sponte deem the notices of appeal from the orders motions for leave to appeal, which we grant (see Winn v Tvedt, 67 AD3d 569 [1st Dept 2009]). Concur — Mazzarelli, J.P, Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.